DocuSign Envelope ID: 1263FA5C-6C0F-43FB-B8D9-EFE842CF0C78

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL 11 2023

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

IFP Submitted

George Alexander Lugo
1590 Rosecrans Ave.
D-645
Manhattan Beach, CA 90266
Machinelearner2334@gmail.com
(323)-351-9123
Pro-Se Litigant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| George Alexander Lugo | Case No.: 8:23-cv-01237-JAK-(DFM) |
| Pro Se, | COMPLAINT FOR DAMAGES: |
| Petitioner/Plaintiff, | **1. VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983** |
| v. | **2. VIOLATION OF CIVIL RIGHTS - MONNELL CLAIM** |
| CITY OF DANA POINT; DANA POINT MARINA INN, STARBUCKS, BEAR COAST COFEE, DANA POINT POLICE; OFFICER BRISENO, OFFICER CHOI; OFFICER HODGES, NICK CETRANGELO, TONY MANGUCCI, DOE GENERAL MANAGER OF DANA POINT MARINA INN, JANE DOE | **3. FALSE IMPRISONMENT AND FALSE ARREST** |
| | **4. INTENTION INFLICTION OF EMOTIONAL DISTRESS** |
| | **5. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |
| | **6. DEFAMATION (LIBEL PER SE) – 28 U.S.C. § 4101** |
| Respondent/Defendant | **7. DEFAMATION (SLANDER PER SE) – 28 U.S.C. § 4101** |
| | **8. BATTERY** |
| | **9. USE OF EXCESSIVE FORCE** |
| | **10. VIOLATION OF CIVIL RIGHTS – TITLE VI OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000d et seq, TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968 42 U.S.C. §§ 3601-19.** |

# I. INTRODUCTION

1. This is a Civil Rights Action brought by Pro Se Litigant George Alexander Lugo to seek relief for the violations of their rights secured by 42 U.S.C. § 1983, the rights secured by the First, Second, Fourth and Fifth Amendment to the United States Constitution. Plaintiffs seek compensatory and punitive damages, injunctive and declaratory relief, and such other relief as this Court deems equitable and just. On May 3, 2023, I was discriminated out of the Dana Point Marina Inn for my mixed Hispanic ethnicity and Catholic faith. As soon as I mentioned my Catholic middle school friend James Thornton in my room, I was given a call by the manager and told to leave the property. The police were also called on me, but by the time they arrived at the hotel I was already gone. I was being relentlessly harassed and there was clear deprivation of my First Amendment as well as you can see in Exhibit A. I repeatedly tried to file an emergency restraining order to be able to not be civilly harassed but the police station refused to do so and instead was subject to a search which I did accept to show I did not have anything illegal on me as you can see in Exhibit A. Subsequently around 6:00 P.M. I was freely expressing my religion at the Starbucks on 34122 South Pacific Coast Hwy Dana Point, CA 92629 and reciting the bible and my Catholic Christian faith, during that time one of the workers there told me I had to leave which clearly deprived my freedom of religion, expression, and speech. Around 10:30 P.M. there was also a homeless person that looked like the community sent after me to say I had a knife and to use the police as the perpetrator. I did not have a knife on me and even if I did there is no crime to have a knife. I was given a criminal threat and the police arrived but did not respond to my orders to press charges instead the police officer just left the situation. On May 4, 2023, around 7:00 A.M. I bought an iced coffee for around $6.25 at Starbucks and I was reciting more Christianity and was subsequently told to leave the same Starbucks and the police were called upon. During this incident I was investigating potential hate groups like the Church of Satan by commenting on the clothes they wear, the worker of Hispanic American ethnicity said that saying that its disrespectful, but in my opinion and expression it is not, it shows clear deprivation of my speech telling me to not comment on the customers walking by. By the time they arrived I was outside already and had to speak to police officers that were trying to claim I was trespassing, and I was trying to report a hate crime since they called the police on me due to my Christian Catholic faith. The police refused to report the hate crime and I told them in the name of God before I left the situation as can be seen in Exhibit B. Subsequently around 8:05 A.M. I was being

harassed by the same homeless person that committed civil assault and was attempting criminal now, it looks like the community of Dana Point sent to harass and potentially assault me. He also called the police on me, and I told the police to catch the perpetrator and they refused to do so as can be seen in Exhibit C. On May 9th, 2023, around 3:15 P.M. I was asked to leave the property as before this I was studying Mosaic Law in a Christian Perspective and talking about it in the parking lot and at the Starbucks as can be seen in Exhibit E. This looks like clear deprivation of the First Amendment and discrimination due to my Christian Catholic faith; the security guard Hernandez told me to leave the property and I did. On May 17th, 2023, at around 7:39 A.M. I entered Bear Coast Coffee and bought $8.75 worth of coffee and breakfast, I went outside to preach my Christian faith and the police were subsequently called on me. I was stopped and searched by Officer Westbrook and Officer Briseno who violated my 1st, 2nd, 4th, and 5th Amendment as well as being punished for my freedom of religion and speech. I was searched and charged with CPC 21310 carrying a concealed dirk and I had a knife in a sheath on my waist which is legal under CPC 20200, and it was clearly showing with the handle, the sheath is shown in Exhibit D. Furthermore, I was charged with theft or misrepresentation of property, but I was trying to find the owner of the driver's license and was going to mail the license back. I was under entrapment to have this false charge committed upon me. Officer Briseno charged me with the crime and the officers took the knife as well violating my 2nd Amendment. On May 20th at 1:11 P.M. I was hanging out on the public sidewalk close to 34144 Pacific Coast Hwy, I saw an empty Voodoo Ranger behind me and many women enticing me and using psychological aneurisms to get me manic, I sensed a potential Satanic Ritual occurring as I had my concealed folding knife which is legal under CPC 17235, a man by the name of Nick Cetrangolo approached me and began to use psychological aneurisms and harass me to put me in fear. He said I was scaring his customers, but he owns Dana Point Tattoo and not the restaurant. He also said I was harassing the little girls and they were grown women, but I was not as can be seen in Exhibit F where I talk about the fact, they try to spot the homeless person harass them and then get the police to kill them like can be seen in many articles in America right now. He continued to harass me and then lied about me brandishing my knife, I told him how did he know I had a knife in the first place if it was concealed in my left pocket and the only thing that showed was the clip which could have been anything which shows he along with a potential group he is a part of were stalking me. He continued to call the police and lie slanderously. I walked over to the Pacific Coast and Amber Lantern Stop and then saw the police. They told me to put my phone down and as I put my phone down, I saw Officer Choi point a gun at me, once I saw the gun I dropped to the ground and put

my hands behind my back. They tried to put me in a weird position, twist my legs and put a knee on my chest. Once I said this was occurring, they began to bring me back up and I was subject to unlawful detention, kidnapped, and abducted to Orange County Jail which violated my 1st, 2nd, 4th, and 5th Amendment rights as you can hear and see some of the incident in Exhibit F. As you can see in Exhibit F the video will show that I never brandished a knife at Nick Cetrangelo, also I was clearly allowing people to freely roam the sidewalk while using my constitutional right of freedom of speech. I would also repeatedly tell Nick Cetrangelo to get away from me as he was vexing me and harassing me by approaching me with potentially criminal intentions and I used my First Amendment right to tell Nick to get away from me. In addition, I told him not to call the police as I was walking to the bus stop to leave the entire City of Dana Point. Subsequently, my Fifth Amendment rights were initially infringed upon by Officer Choi and Officer Hodges telling me to put my phone down which also deprived my freedom of press my First Amendment right as I was trying to show that Nick Cetrangelo could potentially be a satanist and I have had many bad encounters with satanist people including a bar tender in Pasadena depriving my right to preach on the opposite corner of the sidewalk as I left the bar. This is also discriminatory upon my Christian faith, I subsequently fell to the ground and placed my hands behind my back to take the false arrest and false imprisonment peacefully, but the officers refused and put a knee on my chest as can be heard in Exhibit F. I purchased a folding knife from Big 5 and had it concealed which is legal under CPC 17235 and is also my 2nd Amendment right as this is used for self-defense purposes only and it actually prevented Nick Cetrangelo from potentially assaulting me like others have before on the street since he was scared of it and I didn't even show him the knife at all it was in my pocket the whole time. The police also confiscated it which deprived my life, liberty, and property which a right under the 5th, and the 4th Amendment for also illegal search and seizure as there was no reasonable cause for this as I could have shown him the videos to prove that I didn't do anything wrong, even the so called "harassment" can be clearly shown as a blatant slanderous lie if the police were called for that reason. Nick Cetrangelo committed Identity Theft by saying I brandished a knife, but I was only charged with having a dangerous weapon without City Council permission by the police which is unconstitutional, I was visiting, and that law clearly deprives any visitor's 2nd Amendment and should not exist as a law as it is Unconstitutional and embeds upon CPC 17235. On May 29, 2023, at or about 4:04 P.M. I was kicked out by the transvestite worker Jay and potentially Carter is a lesbian as well, as shown in Exhibit H, I was only trying to get their names to sue as the Confrontation Clause allows under the 6th Amendment. Which at this point is clear as I was reading my bible at the park and I

DocuSign Envelope ID: 1263FA5C-6C0F-43FB-B8D9-EFE842CF0C78

could have been put under surveillance as you can hear in Exhibit I the pages are flipping and the only

book that I have is a bible and I was talking reading the second letter of St. Paul to the Corinthians

where St. Paul learns all about Satan's tricks. I entered the Starbucks again this time as it is an open

place of business open to the public and it is not a residence or a hotel. As I was walking back from

charging up at another business it looks like the transvestite worker was already calling the police

officers on me and I was not event trying to enter Starbucks at this point, the indifference is clearly

extreme as I am Catholic, and I do not think the transvestite is. On May 29, 2023, around 6:01 P.M. The

Starbucks was closed just for me as I believe that can now be cruel and unusual punishment as well

which violates the 8th Amendment as I saw Carter the potential lesbian worker calls the police on me

like they have at that Starbucks numerous times, I went back on the sidewalk and did not enter the

business. I had a brief talk with one of the Officers at another business that I am not allowed to go back

to the Starbucks on 34122 South Pacific Coast Hwy, which is clear discrimination which violates Title

VI of the Civil Rights Act 2000d et al, the 8th Amendment for cruel and unusual punishment as I have to

continuously talk to Peace Officers without due process of law. On May 30th, 2023, around 6:17 P.M. I

was talking about the event Peter believed fully in Jesus Christ where it is told that he came down from

heaven and imprinted a rock with his size 11 feet which is known to be in the Vatican in a documentary

I was watching. Subsequently officers arrived and were trying to place a knife under me, but I began to

scream to the highway that they were planting a knife. They stopped and instead put me under a False

Arrest along with False Imprisonment at Orange County Jail. In Exhibit I you can clearly see me asking

for a ticket for potentially jaywalking which is now legal under the Freedom to Walk Act signed by

Govenor Neusom. I would repeat that FBI needs to understand and see this as I have been submitting

tips all night, I also am talking about how they are controlling the lights to give me a ticket and I would

continuously ask for the ticket. Then I was arrested and thrown into Orange County Jail along with the

fact that my property was deprived for over a week by the Dana Point Police which is a violation of the

4th, and 5th Amendment. On June 1st, 2023, at or about 11 A.M. I was arrested for trespassing a violation

of Dana Point Municipal Code § 11.50.010(a), but this code is depriving my Constitution right of

Freedom of Expression as I went in to serve the business for a Civil Rights lawsuit and even tried to

mediate outside of court asking for the owner and instead, I was arrested and thrown into Orange County

Jail again. I was not disturbing anybody and was allowing the business to run peacefully. Many other

incidents were rejected by the District Attorney, but I was charged with a violation of Dana Point

Municipal Code § 11.40.010 and was never intoxicated or in a state of drunkenness as I was always

abiding by all laws and allowing people on the sidewalk, which is clear Libel and Slander a Violation of 28 U.S. CODE § 4101. I was also charged with a violation of Dana Point Municipal Code § 13.04.070, which is Unconstitutional and deprives my 2nd Amendment as it is a clear right to be able to bear arms as it is not a firearm. I am also subject to multiple False Imprisonments, False Arrests, constant Battery, and Discriminatory Harassment which is clear Police Misconduct under 34 U.S.C § 2160.

2. Plaintiffs, community activists, bring this action to challenge violations of their constitutional rights to engage in First, Second, Fourth and Fifth Amendment protected activities to document, monitor and deter instances of Deprivation of Liberty working for self-determination, human rights, and freedom for people. We bring this incident to bring action against the City of Dana Point, and Dana Point Police Department and Officer Choi, Officer Hodges, Officer Briseno, and Officer Westbrook for violations of 42 U.S.C § 1983, *Monell* Violations, False Imprisonment and False Arrest, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Libel and Slander (42 U.S.C § 4101), Battery, and Identity Theft (18 U.S.C. § 1028). Identity theft is shown as my identity has been stolen and I was at an economic loss for my videos on TikTok and Facebook as I was becoming an influencer and have begun to profit from videos, not to mention the job I lost at Guild Mortgage as a Software Engineer. I believe Nick Cetrangelo is also liable for Identity Theft as he said I was brandishing a knife. Furthermore, California used to call this incident Criminal Libel, but now it is considered Identity Theft.

## II. JURISDICTION

3. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 28 U.S.C. § 1343 based upon 42 U.S.C § 1983, as this action seeks redress for the violation of Plaintiffs' Constitutional and Civil Rights.

4. Plaintiffs' claims for declaratory and injunctive relief are authorized by Rule 57 of the Federal Rules of Civil Procedure.

DocuSign Envelope ID: 1263FA5C-6C0F-43FB-B8D9-EFE842CF0C78

5. Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all State Constitutional and State Law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

6. Plaintiff brings this civil rights lawsuit pursuant to 42 U.S.C. Section 1983 to redress the deprivation by Defendants, at all times herein acting under color of state law, of rights, secured to Plaintiff under the Constitution of the United States, including the First, Second, Fourth, Eighth, Ninth, and Fourteenth Amendments.

7. Jurisdiction is conferred on this Court by 28 U.S.C. Sections 1343(a)(3) and (a)(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. Section 1983. Jurisdiction is also conferred by 28 U.S.C. Section 1331 because claims for relief derive from the Constitution of the United States and the laws of the United States.

8. Venue is properly established in the United States District Court Central District for the State of California pursuant to 28 U.S.C. Section 1391, in that the events and circumstances herein alleged occurred in the City of Dana Point by Officers acting under color of Law of Orange County, California, where jurisdiction is the United States District Court for the Central District of California located in Santa Ana, California as the punitive damages exceed the jurisdiction of the Superior Court of California.

### III. VENUE

9. Venue is proper in the United States District Court Central District pursuant to 28 U.S.C. § 139l(b) and (c) as this pertains to the United States District Court.

## IV. PARTIES

10. Plaintiff George Alexander Lugo is a Pro Se Litigator who has worked at numerous companies as a Software Engineer and was recently working at Guild Mortgage as a PHP Developer before these incidents occurred. George Alexander Lugo strives to teach code one day peacefully and is also doing improv comedy on the side. I am striving to one day be able to live in peace in an apartment without being continuously harassed and discriminated against.

11. Defendant Nick Cetrangelo owns Dana Point Tattoo on 34144 Pacific Coast Hwy, STE A, Dana Point, CA.

12. Defendant City of Dana Point is a unit of government existing under the laws of the City of Dana Point.

13. Defendant Officer Choi is a Peace Officer under the color of law employed by the city of Dana Point.

14. Defendant Officer Hodges is a Peace Officer under the color of law employed by the city of Dana Point.

15. Defendant Officer Briseno is a Peace Officer under the color of law employed by the city of Dana Point.

16. Defendant Dana Point Police Department is a unit of government existing under the laws of the City of Dana Point.

17. Defendant Bear Coast Coffee is a Company located at 34052 La Plaza #103 Dana Point, CA 92629.

18. Defendant Starbucks is a Company located at 34122 South Pacific Coast Hwy Dana Point, CA 92629.

19. Defendant Dana Point Marina Inn is located at 24800 Dana Point Harbor Dr. Dana Point, CA 92629

20. Defendant Jay is an employee of Starbucks.

21. Defendant Carter is an employee of Starbucks.

22. Defendant Tony Mangucci is a social media influence on TikTok and YouTube.

## V. FACTUAL ALLEGATIONS

20. The Main purpose of this litigation is to strive to seek legal redress for infringements of their constitutionally guaranteed and other basic human rights. This can help deter homelessness as well as bring about a better society with Constitutionality. George Alexander Lugo engages in core protected speech and expressive conduct to deter instances of Defamation Libel and Slander which George Alexander Lugo believes is the biggest reason George Alexander Lugo is still homeless even after a previously settled litigation on a similar case 2:22-CV-01826 for a small amount.

George Alexander Lugo also believes that this will allow Freedom of Speech and Expression which are core First Amendment rights and are entitled to the highest protection afforded by the United States of America.

21. Defendants have continuously acted and exhibited Unconstitutional behavior with incidences of Deprivation of Life, Liberty, and Property with no true due process of law. Plaintiff has been constantly punished for his Speech and Expression which is a clear violation of the 1st Amendment to its highest degree. The Speech had no criminal intent and was used primarily to show the I am being harassed by people and am constantly a victim of slander.

DocuSign Envelope ID: 1263FA5C-6C0F-43FB-B8D9-EFE842CF0C78

22. Defendants' unconstitutional practices and customs are ongoing, continue to violate George Alexander Lugo's rights and are the moving force as to why George Alexander Lugo is still homeless and are behind the injuries suffered as a direct result of the constitutional violations.

23. Without relief from this Court George Alexander Lugo will suffer irreparable injury since his fundamental free speech and due process rights are being denied. The balance of hardships favors the Plaintiff and the public interest will be served by granting injunctive and declaratory relief as George Alexander Lugo is also looking to fix the homeless problem and has though of many different ways to do so as a CEO of his Web Development Company and some E-commerce ventures, along with a potential Coffee Shop Idea to introduce jobs, and place people in proper jobs where they can afford an apartment.

24. George Alexander Lugo is entitled to declaratory relief as well as injunctive relief prohibiting Defendants from harassing, committing battery, false imprisonment, false arrest, and identity theft saying that I am in a state of drunkenness or intoxication and also telling the officers that I am brandishing a knife, where in that state you are completely belligerent and unresponsive to officers.

## VI. CLAIMS

### FIRST CAUSE OF ACTION

**VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983 (Violation of the First, Second, Fourth, Fifth, Eight, Ninth, and Fourteenth Amendments) (Freedom of Religion, Speech, Press, Expression, Due Process, and the Right to Bear Arms)**

**(Plaintiff Lugo Against Officer Defendants, Bear Coast Coffee, Starbucks)**

25. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs 1 through 24, and the Factual Allegations, *supra*, as though fully set forth herein.

26. Defendants Officer Choi, Officer Briseno, and Officer Hodges were, at all relevant times, law enforcement officers with the Dana Point Police Department who were acting under the color of local law.

27. Officer Defendants, acting under color of local law, deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States, including the rights of Due Process, Freedom of Speech, Freedom of Press, Freedom of Expression, The Right to Bear Arms, Equal Protection secured by the First, Second, Fourth, Fifth, and Fourteenth Amendments, and lack of Individual Officer prevention as established in *Byrd v. Brishke*, 466 F.2d 6 (7th Cir. 1972), by depriving life, liberty, and property when they assaulted, invaded the space, falsely arrested, and confiscated the property of the Plaintiff in multiple events under and illegal search and seizure on May 30th as well as many other events in the introduction. Plaintiff was also deprived of his right to bear arms as he was charged with crimes that are Unconstitutional and slanderous as well.

28. Defendants Bear Coast Coffee and Starbucks are two separate companies with similar acts of Deprivation of the Freedom of Religion, Speech, Expression, Press, along with the right to bear arms. As George Alexander Lugo was punished by the police for his Constitutional Actions and was apprehended, arrested, abducted, and kidnapped to Orange County Jail for numerous events that occurred at Bear Coast Coffee. Starbucks is responsible for discrimination and cruel and unusual punishment.

28. As a result of the foregoing wrongful acts of Officer Defendants, Defendants Bear Coast Coffee, Starbucks, and each of them, Plaintiffs suffered damages, including embarrassment, emotional distress, deprivation of liberty, and harm to reputation in an amount in accordance with proof.

29. In doing the foregoing wrongful acts, Officer Defendants, each of them, acted with reckless and callous disregard for the constitutional rights of the Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against

DocuSign Envelope ID: 1263FA5C-6C0F-43FB-B8D9-EFE842CF0C78

each individual Officer Defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

## SECOND CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS – *MONELL* CLAIM

**(Plaintiff Lugo Against Defendants City of Dana Point and Dana Point Police Department)**

30. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs 1 through 29, and the Factual Allegations, *supra,* as though fully set forth herein.

31. Defendants City of Dana Point and Dana Point Police Department knowingly with gross negligence, and in deliberate indifference to the Constitutional rights of citizens, maintain and permit an official policy and custom of permitting the occurrence of the types of wrongs set forth hereinabove and hereafter. Plaintiff is being punished for his Constitutionally protected First and Second Amendment rights as can be seen in the videos in Exhibit A-I and the charges placed on George Alexander Lugo.

32. These policies and customs include, but are not limited to, the deliberately indifferent training of law enforcement in the mishandling of criminal cases to be prosecuted, the ratification of police misconduct, and the failure to conduct adequate unbiased investigations of police misconduct such that future violations do not occur.

33. Plaintiff is informed and believes, and thereon allege, that the abovementioned customs and policies were the moving force behind the violations of Plaintiffs' rights. Based upon the principles set forth in *Monell v. New York City Dep't of Social Services* 436 U.S. 658, 694 (1978), Defendants City of Dana Point, Dana Point Police Department, are liable for all the injuries sustained by Plaintiff as set forth above.

34. As a proximate result of the foregoing wrongful acts of Defendants, and each of them, Plaintiff sustained damages, including embarrassment, emotional distress, and harm to reputation, in an amount in accordance with proof for the deprivation of his first, second, fourth, fifth, and eighth amendment rights.

### THIRD CAUSE OF ACTION

### FALSE ARREST AND IMPRISONMENT

### (Plaintiff Lugo Against Officer Defendants)

35. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs 1 through 34, and the Factual Allegations, *supra,* as though fully set forth herein.

36. Plaintiff was wrongfully restrained, confined, and/or detained by Officer Hodges.

37. Officers Hodges and Choi intentionally deprived Plaintiff of his freedom of movement by use of physical force.

38. Plaintiff did not consent to the restraint, confinement, and/or detention.

39. Plaintiff was harmed, and the Officers conduct was a substantial factor in causing Plaintiff's harm.

40. The acts and/or omissions of Defendants Officers Choi, Briseno, and Hodges, caused Plaintiff to suffer harm and economic damages, for the cost of medical psychological and/or psychiatric treatment, and Plaintiff is informed and believes that he may incur damages in the future for the cost of future care, in amounts according to proof at trial.

41. In committing the acts and/or omissions alleged, Defendants, and each of them have been guilty of malice, fraud, or oppression and, therefore, Plaintiff seeks an award of punitive damages against Defendants, and each of them, according to proof at trial.

42. The damages caused by Defendants are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

43. Wherefore, Plaintiff demands judgement as hereafter set forth.

## FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Plaintiff Lugo Against All Defendants)

44. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs 1 through 43, and the Factual Allegations, *supra,* as though fully set forth herein.

45. By fraudulent and unauthorized restraint at multiple locations in Dana Point as seen in the introduction with confinement at Orange County Jail. Officer Defendants perpetrated extreme and outrageous conduct against Plaintiff of a type that exceeds the bounds of decency tolerated in a civilized society.

46. Officer Defendants engaged in their extreme and outrageous conduct against Plaintiff with the intent to cause Plaintiff extreme emotional distress, or else with reckless disregard for the fact that extreme emotional distress in Plaintiff would result from this conduct.

47. Defendants City of Dana Point, Nick Cetrangelo, Starbucks, Bear Coast Coffee, Jay (Starbucks Employee), Carter (Starbucks Employee), and Dana Point Police Department engaged in their extreme and outrageous conduct against Plaintiff with the intent to cause Plaintiff extreme emotional distress, or

DocuSign Envelope ID: 1263FA5C-6C0F-43FB-B8D9-EFE842CF0C78

else with reckless disregard for the fact that extreme emotional distress in Plaintiff would result from this conduct.

48. Defendants' acts constitute the tort of Intentional Infliction of Emotional Distress under the laws of this State. Defendants' intentional infliction of emotional distress against Plaintiffs was a direct and proximate cause of harm to them. As a direct and proximate result of Defendants' intentional infliction of emotional distress, Plaintiff has suffered past and future damages in an amount according to proof at trial.

49. Defendants' wrongful conduct, alleged hereinabove, was willful, wanton, malicious, and oppressive in that Defendants intentionally inflicted emotional distress upon Plaintiff for the purpose of harming and injuring Plaintiff. This conduct, therefore, justifies the awarding of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

### **FIFTH CAUSE OF ACTION**

### **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

### **(Plaintiff Lugo Against All Defendants)**

50. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs 1 through 49, and the Factual Allegations, *supra,* as though fully set forth herein.

51. Officer Defendants and Defendants City of Dana Point and Dana Point Police Department owed a duty to Plaintiff to exercise due care in carrying out their law enforcement functions so as not to create unreasonable risk of harm to Plaintiff.

52. Defendant Officers Choi and Hodges breached their duty by unjustifiably restraining and placing a false arrest upon Plaintiff and assassinating the Plaintiff's character claiming he is a violent person slanderously before the weapons charges were pressed.

DocuSign Envelope ID: 1263FA5C-6C0F-43FB-B8D9-EFE842CF0C78

53. The videos in Exhibit F show that there was no harassment or showing any state of drunkenness to warrant any Reasonable Suspicion of the crime occurring.

54. Defendant Officers Choi and Hodges owed a duty to Plaintiff to conduct themselves with due care, and to behave in such a manner as to avoid creating an unreasonable risk of harm to Plaintiff.

55. Defendant Officers Choi and Hodges breached their duty by unlawfully and fraudulently placing the Plaintiff under arrest and confinement. All other Defendants clearly harmed the Plaintiff as can be shown in the Exhibits below.

56. As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff suffered shame, humiliation, and severe emotional distress. Plaintiff accordingly suffered special and general damages in excess of the jurisdictional limit of this Court.

## SIXTH CAUSE OF ACTION

### DEFAMATION (LIBEL PER SE) – 28 U.S.C. § 4101

### (Plaintiff Lugo Against Officer Defendants, Nick Cetrangelo, and Tony Mangucci)

57. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs 1 through 56, and the Factual Allegations, *supra,* as though fully set forth herein.

58. Before the false accusations of being in a state of drunkenness. George Alexander Lugo has been fighting his way out of poverty due to a separate incident of Securities Fraud that occurred several years before this incident. Studying Computer Science and learning the languages of HTML, CSS, JavaScript, React, Vue, Ruby, and PHP he has tried to countlessly attain positions, but has been subject to attacks by many individuals including the police stating many false claims and statements about the individual that have been rejected by the District Attorney's Office in Santa Ana.

59. On or around May 20, 2023, Defendants portrayed George Alexander Lugo as a bad actor in the community by saying that he was in a state of drunkenness. The allegation has been placed on George Alexander Lugo's arrest and criminal record with or without conviction.

60. Before the time of the incident it is to believe that the defendants and the City of Dana Point meticulously are believed by the plaintiff to potentially conspire to in fact, negligently, recklessly, and intentionally cause excessive and unsolicited dissemination of defamatory statements, of and concerning Plaintiff, to third persons, who had no need or desire to know. Which introduces a false witness of Nick Cetrangelo.

61. Nick Cetrangelo committed slanderous acts by calling the police officers and telling them that I was brandishing a knife at him. Although I was not charged for this, both the officers should have been able to speak to me when they approached me rather than ordering me to put down my phone and arrest me based on false accusations. If Nick Cetrangelo would not have called the police, I would not have been charged with Dana Point Municipal Code § 11.40.010, which also puts him at fault for the libel the police officers charged me with.

62. The above complained-of statements by Defendants, and each of them, were made with hatred and ill will towards the Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, employment, and employability. Defendants, and each of them, published this statement, not with an intent to protect any interest intended to be protected by any privilege but with negligence, recklessness, and/or an intent to injure Plaintiff and destroy his reputation. Therefore, no privilege existed to protect any of the Defendants from liability for any of these statements.

63. As a proximate result of the publication and charges places on public record against the Plaintiff has suffered injury to his personal, business, and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability,

and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

64. Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, and fraudulently.

65. Plaintiff is informed, believes, and fears that these false and defamatory per se statements will continue to be made by Defendants and others throughout Orange County, and each of them, and will be foreseeably recirculated by their recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputations. Plaintiff also seeks redress in this action for all foreseeable statements, including his own compelled self-publication of these defamatory statements.

66. These statements were outrageous, negligent, reckless, intentional, and maliciously circulated and recirculated by Defendants, and each of them. Plaintiff is informed and believes that the negligent, reckless, and intentional statements by Defendants, and each of them, were and continue to be foreseeably circulated and recirculated by Defendants, their agents, employees, and recipients in the community.

67. None of the Defendants' defamatory statements against Plaintiff referenced above are true.

68. The above defamatory statements were understood as assertions of fact, and not as opinion. Plaintiff has had countless incidents of Defamation and sees this continuing due to many factors.

69. Each of these false defamatory per se statements were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the statements, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the cruel and illegal actions of Defendants, and each of them, to

1   cause further damage to Plaintiff's professional and personal reputation, and to cause him to be turned

2   down and/or fired from future employment, especially in Orange County, California.

4   70. The Defendants published these statements knowing them to be false and unsubstantiated by any

5   reasonable investigation.

7   71. As a result of this George Alexander Lugo has had an increasingly difficult time securing a position

8   as a Software Engineer for many companies as they run a background check.

10   72. With this at hand has also harmed the Plaintiff's economic standing even further as the individual

11   has fought relentlessly to get out of poverty and achieve a normal middle-class life. Hampered by

12   student loans and unresolved debt from a Securities Fraud case still at hand, George Alexander Lugo is

13   having worse trouble than needed nor warranted.

### SEVENTH CAUSE OF ACTION

### DEFAMATION (SLANDER PER SE) – 28 U.S.C. § 4101

### (Plaintiff Lugo Against Officer Defendants and Nick Cetrangelo)

19   73. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding

20   paragraphs 1 through 72, and the Factual Allegations, *supra,* as though fully set forth herein.

22   74. Plaintiff is informed and believes Defendants, and each of them, by the herein-described acts,

23   conspired to, and in fact, did negligently, recklessly, and intentionally cause external statements of

24   slander, of and concerning Plaintiff, to third persons and to the community.

DocuSign Envelope ID: 1263FA5C-6C0F-43FB-B8D9-EFE842CF0C78

75. On May 17th, 2023, I entered Bear Coast Coffee and bought $8.75 worth of coffee and breakfast, I went outside to preach my Christian faith and the police were subsequently called on me. I was stopped and searched by Officer Westbrook and Officer Briseno which violated my 1st, 2nd, 4th, and 5th Amendment as well as being punished for my freedom of religion and speech. I was searched and cited a ticket with CPC 21310 carrying a concealed dirk and I had a knife in a sheath on my waist which is legal under CPC 20200, and it was clearly showing with the handle, the sheath is shown in Exhibit D. Defendants illegally searched George Alexander Lugo and had no right to do so as he was abiding by CPC 20200.

76. On May 20, 2023, Defendant Nick Cetrangelo made a call and wanted to proceed in pressing charges against Plaintiff George Alexander Lugo it is known in the videos of Exhibit F that George Alexander Lugo was angry but not in a state of drunkenness or intoxication to warrant that charge. Defendant Nick Cetrangelo has used falsehoods to disparage Plaintiff George Alexander Lugo as a violent person. There have been numerous incidents of this Slander throughout George Alexander Lugo's lifetime and the Plaintiff sees this as a reoccurring incident until punitive damages are sought to prevent this action from occurring.

77. The slanderous statements consisted of oral, knowingly false, and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation.  These statements included the following false and slanderous statements (in violations of 28 U.S.C. § 4101) with the meaning and/or substance: that George Alexander Lugo was brandishing a knife upon Nick Cetrangelo. Furthermore, that I was in a state of intoxication or drunkenness by Officer Defendants. Also, the incident on June 1st where I was falsely arrested and falsely imprisoned because I was running with a rock.

78. Plaintiff is informed, believes, and fears that these false and slanderous per se statements will continue to be made by Defendants, and each of them, and will be foreseeable recirculated by their

recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal

reputations. Plaintiff would also like to see a concealment of arrest record for the incident occurred.

79. None of Defendants' slanderous statements against Plaintiff referenced above are true.

80. The above slanderous were understood as assertions of fact, and not as opinion. Plaintiff believes

this slander will continue to be negligently, recklessly, and intentionally published and foreseeably

republished by Defendants, and each of them, and foreseeably republished by recipients of Defendants'

statements, thereby causing additional injury and damages for which Plaintiff seeks redress by this

action.

81. Each of these false slanderous per se statements (as set forth above) were negligently, recklessly, and

intentionally published in a manner equaling malice, and abuse of any alleged conditional privilege

(which Plaintiff denies existed), since the statements, and each of them, were made with hatred, ill will,

and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of

Defendants, and each of them, to cause further damage to Plaintiff's professional and personal,

reputation, and cause him to turned and/or fired from future employment, especially in Orange County,

California.

82. Each of these statements by Defendants, and each of them, were made with knowledge that no

investigation supported the unsubstantiated and obviously false statements. The Defendants reported

false statements and pressed charges knowing them to false and unsubstantiated by any reasonable

investigation. These acts of malice and fraud were known by Defendants, and each of them, to be

negligent to such a degree to be reckless. In fact, not only did Defendants and each of them, have no

reasonable basis to believe these statements, but they also had no belief in the truth of these statements

as it is shown that they cannot produce any evidence of brandishing a knife, or that I was in a state of

drunkenness or intoxication if I dropped to the ground and placed myself in a position to suit arrest.

Defendants, and each of them, excessively, negligently, and recklessly published these statements to

individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

83. The above complained-of statements by Defendants, and each of them, were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, employment, and employability. Defendants, and each of them, published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness, and/or an intent to injure Plaintiff and destroy his reputation. Therefore, no privilege existed to protect any of the Defendants from liability for any of these statements.

84. As a proximate result of the publication and republication of these slanderous statements by Defendants, and each of them, Plaintiff has suffered injury to his personal, business, and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

85. Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring the Plaintiff, for an improper and evil motive amounting to malice, and with a reckless and conscious disregard of Plaintiff's rights. All actions of Defendants, and each of them, their agents, and employees, herein alleged were known, ratified, and approved by the Defendants, and each of them. Plaintiff thus is entitled to recover punitive and exemplary damages from Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial.

86. Plaintiff has been damaged in an amount in excess of the jurisdictional limits of the Superior Court of California.

87. The above complained-of statements by Defendants, and each of them, were made with hatred

88. The Plaintiff sees this as a countermeasure to deter the abuse, malice, assault, and false imprisonment of an individual.

## EIGHTH CAUSE OF ACTION

### BATTERY

### (Plaintiff Lugo Against Officer Defendants)

89. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs 1 through 88, and the Factual Allegations, *supra,* as though fully set forth herein.

90. When putting George Alexander Lugo under unlawful restraint they slammed George Alexander Lugo's body onto the ground and placed a knee on his chest as you can hear in the video in Exhibit F. Luckily the Plaintiff did not suffer any fractures or suffer from a suffocation attempt like other incidents with officers.

91. The Officers acted unlawfully in the restraint of George Alexander Lugo as he would have been willing to accept interrogation and there was no crime established. There was no reasonable suspicion to interrogate him in the first place as he did not have a knife brandished nor shown and George Alexander Lugo was seen sitting down peacefully on the bus stop.

92. The Officer Defendants representing the City of Dana Point Police Department's act of intentionally bringing about harmful contact and restraint with the Plaintiff George Alexander Lugo constitutes the tort of Battery under the laws of the United States of America.

93. As a direct and proximate result of the Officer Defendant's battery against George Alexander Lugo, George Alexander Lugo has suffered past and future general damages, and past and future special damages in an amount according to proof at trial.

DocuSign Envelope ID: 1263FA5C-6C0F-43FB-B8D9-EFE842CF0C78

94. In engaging in the conduct as hereinabove alleged, the Officer Defendants acted with malice, fraud, and oppression and/or in conscious disregard of George Alexander Lugo's health, rights, and wellbeing, and intended to subject George Alexander Lugo to unjust hardship thereby warranting an assessment of punitive damages in an amount sufficient to punish the Officer Defendants and deter others from engaging in similar conduct.

**NINTH CAUSE OF ACTION**
**USE OF EXCESSIVE FORCE**
**(Plaintiff Lugo Against Officer Defendants)**

95. Plaintiffs reallege and incorporate by reference paragraphs 1 through 93, and the Factual Allegations, *supra*, as though fully set forth herein.

96. On or about May 16, 2021, Defendants exceeded any and all bounds of privilege of any defense, if any existed, regarding the Slander by Nick Cetrangelo, when George Alexander Lugo's life, liberty, and property was deprived without no due process of law including the false arrest, false imprisonment, and the abuse that occurred, along with 4 other incidents where George Alexander Lugo went to Orange County Jail.

97. As a proximate result, all Defendants, directly and through the acts of each of other, ratified the behavior of each other, adopting the conduct of each other, the liability of each other, by and through, including but not limited to, the doctrines of *respondeat superior*, vicarious liability, conspiracy, apparent authority, agency, are in subject to Battery, and other laws and statutes, *People v. Alexander* (1922) 56 Cal. App. 437, *People v. Hubbard,* (1923) 64 Cal App. 4th 27.

98. As an actual and proximate result of all of the Defendants' conduct, Plaintiff has suffered, and continues to suffer, general and special damages, including but limited to, physical and mental injuries, medical expenses, losses in earnings, bonuses, deferred compensation and other employment benefits and have suffered and continue to suffer pain, suffering, embarrassment, humiliation, emotional distress, severe emotional distress, and mental anguish in an amount according to proof.

99. Defendants engaged in vicious conduct maliciously, willfully, and oppressively, and with the intent to harm Plaintiff George Alexander Lugo. Defendants engaged in despicable conduct and acted with a conscious disregard of Plaintiffs' rights and with intent to vex, injure, or annoy Plaintiff as to constitute oppression, fraud, or malice with punishable with exemplary damages under 42 U.S.C. § 1983.

## TENTH CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS – TITLE VI OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000d et seq

### (Plaintiff Against Dana Point Marina Inn, Bear Coast Coffee, Starbucks, Jay, Carter, and Jane Doe)

100. Plaintiff incorporates herein by reference, the allegations contained in Paragraphs 1 through 98, as though fully set forth below.

101. On May 3, 2023, I was discriminated out of the Dana Point Marina Inn for my mixed Hispanic ethnicity and Catholic faith. Plaintiff which defendants had promised to provide and thereby violated Plaintiff's right to equal accommodations, advantages, facilities, privileges and services as provided under the laws of the United States Constitution because of plaintiff's Catholic Faith as he was calling out the rise of Satanism from his room during a work meeting and he got kicked out of the Dana Point Marina Inn and had police called on him for mentioning his friend from Catholic Middle School James Thornton about how he likes my two TikTok videos on programming with HTML only and the other Ruby only, who works at Google as a Software Engineer, and the discriminatory incident in the breakfast lobby where George Alexander Lugo stated you have to be an asshole when they are trying to throw you in a cage, but I will add on that it's for being Latino. Furthermore, the numerous incidents at the Starbucks on May 9th, 2023, around 3:15 P.M, on May 29, 2023, at or about 4:04 P.M due to his Catholic preachings and Christian Faith as well as the numerous incidents at Bear Coast Coffee on May 17th, 2023, at around 7:39 A.M. and June 1st or about 11 A.M. due to his Catholic Christian preachings,

DocuSign Envelope ID: 1263FA5C-6C0F-43FB-B8D9-EFE842CF0C78

is in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq, all to plaintiffs' damage as alleged herein. The evidence is in the Exhibits below.

### ELEVENTH CAUSE OF ACTION

**VIOLATION OF CIVIL RIGHTS – TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968, 42 U.S.C. §§ 3601-19**

**(Plaintiff Against Dana Point Marina Inn, and DOE GENERAL MANAGER)**

102. On May 3, 2023, I was discriminated out of the Dana Point Marina Inn for my mixed Hispanic ethnicity and Catholic faith. Plaintiff which defendants had promised to provide and thereby violated Plaintiff's right to equal accommodations, advantages, facilities, privileges and services as provided under the laws of the United States Constitution because of plaintiff's Catholic Faith as he was calling out the rise of Satanism from his room during a work meeting and he got kicked out of the Dana Point Marina Inn and had police called on him for mentioning his friend from Catholic Middle School James Thornton about how he likes my two TikTok videos on programming with HTML only and the other Ruby only, who works at Google as a Software Engineer, and the discriminatory incident in the breakfast lobby where George Alexander Lugo stated you have to be an asshole when they are trying to throw you in a cage, but I will add on that it's for being Latino. The evidence is in Exhibit A.

103. The conduct of defendants, and each of them, was willful, deliberate, intentional, malicious and oppressive, and as a result plaintiff is entitled to punitive and exemplary damages under 42 U.S.C § 3613 in the amount of $ 150,000,000.00

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgement as follows:

    A. A declaratory judgement that the actions, conduct, and practices of Defendants complained of herein violated the laws of the United States;

DocuSign Envelope ID: 1263FA5C-6C0F-43FB-B8D9-EFE842CF0C78

B.  An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.  An award of damages, in a sum in excess of the jurisdictional minimum of the United States District Court of California, to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm, including, but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

D.  An award of damages, in a sum in excess of the jurisdictional minimum of the United States District Court, to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and compensatory harm, including, but not limited to, compensation for his depression, humiliation, embarrassment, harm to his personal and professional reputations and loss of career fulfillment;

E.  An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

F.  An award of punitive damages;

G.  An award of costs that Plaintiff has incurring in this action, as well as Plaintiff's reasonable attorneys' fees and costs of prosecuting this action to the fullest extent permitted by law;

H.  For such other and further relief as the Court deems just and proper.

## **BENCH DEMAND**

1. Plaintiffs demand a trial by judge in this action on each and every one of their claims.

DocuSign Envelope ID: 1263FA5C-6C0F-43FB-B8D9-EFE842CF0C78

## **EXHIBIT A**

This video is a video that shows proof of complete police misconduct when I was trying to prevent hate crimes and all the subsequent and unconstitutional acts I am suing for. It is under the filenames exhibit_a-1.mov, exhibit_a-2, exhibit_a-3, exhibit_a-4, exhibit_a-5, exhibit_a-6, exhibit_a-7, exhibit_a-8, in the flash drive that is submitted manually under Local Rule 5-4.2

## **EXHIBIT B**

This video is a video that shows proof of complete deprivation of the first amendment also now at this point deprivation of the 8th amendment for cruel and unusual punishment, as well as how discriminatory it is to a Catholic Hispanic American under the filename exhibit_b-1.mov, exhibit_b-2.mov, exhibit_b-3.mov, exhibit_b-4.mov, exhibit_b-5.mov, exhibit_b-6.mov, exhibit_b-7.mov, exhibit_b-8.mov, exhibit_b-9.mov in the flash drive that is submitted manually under Local Rule 5-4.2.

## **EXHIBIT C**

This video is a video that shows proof of complete deprivation of the first amendment also now at this point deprivation of the 8th amendment for cruel and unusual punishment, as well as how discriminatory it is to a Catholic Hispanic American under the filenames exhibit_c-1.mov, exhibit_c-2.mov, exhibit_c-3.mov, exhibit_c-4.mov, exhibit_c-5.mov, exhibit_c-6.mov, exhibit_c-7.mov, exhibit_c-8.mov, exhibit_c-9.mov, in the flash drive that is submitted manually under Local Rule 5-4.2.

**EXHIBIT D**



DocuSign Envelope ID: 1263FA5C-6C0F-43FB-B8D9-EFE842CF0C78

## **EXHIBIT E**

This video is a video that shows proof of complete deprivation of the first amendment also now at this point deprivation of the 8th amendment for cruel and unusual punishment, as well as how discriminatory it is to a Catholic Hispanic American under the filenames exhibit_e.mov, in the flash drive that is submitted manually under Local Rule 5-4.2.

DocuSign Envelope ID: 1263FA5C-6C0F-43FB-B8D9-EFE842CF0C78

## **EXHIBIT F**

This video is a video that shows proof of complete slander and potentially libel as his actions (Nick Cetrangelo) led to potentially libelous actions that was not charged with, but the evidence will show that the slander led to violation of due process under the 4th Amendment and deprivation of property my folding knife that I had concealed under PC 17235 and the deprivation of my 2nd Amendment and 5th Amendment, that later on around May 29, 2023 when I was running with a rock they were trying to plant for a potential murder like they do for other homeless people that have been murdered by police and they drop a knife as a excuse to commit murder, until I screamed it that they are trying to plant a knife. I still don't have that concealed folding knife.... not to mention my 1st Amendment of being able to record and talk to people regardless of anything........ even if I didn't even talk to little girls (they were clearly above age in this video) and they're probably not his customers, but you never know. Anyways here is the video exhibit_f-1.mov, exhibit_f-2.mov, exhibit_f-3.mov in the flash drive that is submitted manually under Local Rule 5-4.2.

DocuSign Envelope ID: 1263FA5C-6C0F-43FB-B8D9-EFE842CF0C78

1
2                               **EXHIBIT G**
3
4        **Tony** ✓
5        Tatted homie is my buddy Nick. Guy recording
6        got arrested an hour after this for pulling the
         knife.
7
         5-25    Reply                        ♡ 224    ⏟
8
9            **George Alexander Lugo · Creator**
10           I never pulled the knife. Can you check
             out the next video let's pinned. They
11           definitely charged me with brandishing a
12           knife.
13           6-14    Reply                     ♡ 1      ⏟
14
15           **George Alexander Lugo ▸ George Alexande…**
             Sorry I thought they did but they didn't
16           instead it's something else.
17           1s ago    Reply                   ♡        ⏟
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT H

This video is a video that shows proof of complete deprivation of the first amendment also now at this point deprivation of the 8th amendment for cruel and unusual punishment, as well as how discriminatory it is to a Catholic Hispanic American under the filenames exhibit_h-1.mov, exhibit_h-2.mov, exhibit_h-3.mov, exhibit_h-4.mov, exhibit_h-5.mov, exhibit_h-6.mov, exhibit_h-7.mov, in the flash drive that is submitted manually under Local Rule 5-4.2.

DocuSign Envelope ID: 1263FA5C-6C0F-43FB-B8D9-EFE842CF0C78

## EXHIBIT I

This video is a video that shows proof of complete deprivation of the first amendment also now at this point deprivation of the 8th amendment for cruel and unusual punishment, as well as how discriminatory it is to a Catholic Hispanic American under the filenames exhibit_i-1.mov, exhibit_i-2.mov, exhibit_i-3.mov, exhibit_i-4.mov, in the flash drive that is submitted manually under Local Rule 5-4.2.

George Alexander Lugo
1590 Rosecrans Ave.
D-645
Manhattan Beach, CA 90266
Machinelearner2334@gmail.com
(323)-351-9123
Pro-Se Litigant

DocuSigned by:

76CD076CD692439...

DocuSign Envelope ID: 1263FA5C-6C0F-43FB-B8D9-EFE842CF0C78

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28